A07A1015. STATE OF GEORGIA v. DAMANI et al.
A07A1016. ULTRA TELECOM, INC. v. STATE OF GEORGIA.
A07A1017. ALLSTAR, INC. et al. v. STATE OF GEORGIA.
A07A1018. JACKSON v. STATE OF GEORGIA.

(708 SE2d 13)

ELLINGTON, Chief Judge.

The Supreme Court of Georgia reversed our decision[1] in these consolidated cases, finding that "the seven video game machines at issue" were not illegal gambling devices subject to condemnation by the State, rejecting our interpretation of the phrase "a single play" pertaining to the noncash redemption options set forth in OCGA § 16-12-35 following the legislature's intervening act of providing a definition of that phrase.[2] *Ultra Telecom v. State of Ga.*, 288 Ga. 65 (701 SE2d 144) (2010). The Supreme Court concluded that,

> [b]ecause the machines at issue in these appeals meet the definition in OCGA § 16-12-35 for coin operated games or devices designed and manufactured for bona fide amusement purposes only, the Court of Appeals erred by reversing the trial court's holding that these machines are not subject to condemnation by the State.

Id. at 72 (4). Accordingly, our ruling is vacated and the judgment of the Supreme Court is made the judgment of this Court.

The Supreme Court did not address our holding, however, with respect to the remaining four devices that were condemned by the trial court. We conclude, therefore, that the superior court's decision that the devices were subject to condemnation under OCGA § 16-12-20 (2) (A) was not clearly erroneous as the record evidence supports the court's detailed factual findings that each device was a "contrivance which for a consideration affords the player an opportunity to obtain money or other thing of value, *the award of which is determined by chance even though accompanied by some skill*, whether or not the prize is automatically paid by contrivance," and, hence, an illegal gambling device. (Emphasis supplied.) Id. See *Ultra Telecom v. State of Ga.*, 288 Ga. at 70 (3); *State of Ga. v. Old South Amusements*, 275 Ga. 274, 275 (1) (564 SE2d 710) (2002).

*Judgment affirmed. Andrews and Adams, JJ., concur.*

---

[1] *State of Ga. v. Damani*, 299 Ga. App. 112 (681 SE2d 635) (2009).
[2] See OCGA § 48-17-1 (7.1).

DECIDED FEBRUARY 21, 2011 —
RECONSIDERATION DENIED MARCH 17, 2011.

Patrick H. Head, District Attorney, Amelia G. Pray, Christopher W. Timmons, Samuel W. Lengen, Assistant District Attorneys, for appellant.

Spix & Krupp, Mark V. Spix, Begner & Begner, Alan I. Begner, Wimberly, Lawson, Steckel, Schneider & Stine, Les A. Schneider, Paul Oliver, Jacqueline D. Joslyn, Rhonda L. Klein, Balch & Bingham, Michael J. Bowers, Manchel, Wiggins & Kaye, Howard J. Manchel, for appellees.